UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JANA SHELLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CV-368-TS |
| | ) | |
| CAPITAL ONE BANK and CAPITAL ONE SERVICES, INC, | ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

At some time before December 1, 2004, the Plaintiff, Jana Shellman, received "junk mail" from the Defendants, offering her lines of credit. The letters indicated that the Defendants sent her the solicitations after obtaining her consumer report from a credit bureau. The Plaintiff did not authorize the Defendants such access. Disturbed by the letters, she sued the Defendants on October 24, 2005, under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* She amended her Complaint on October 31, 2005.

The Plaintiff claims that the Defendants violated § 1681m(d), by not stating clearly and conspicuously in the letters that she had a right to prevent the Defendants and others from further accessing her credit report in connection with any credit or insurance transaction that was not initiated by her. In addition, she complained that the letters did not tell her how she could exercise this right. The Plaintiff alleges that the Defendants' violation was wilful, and she wants to pursue this case as a class action.

The Defendants moved to dismiss the case, and their motion is the subject of this Opinion and Order.

**A. Standard for Evaluating a Motion to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). In order to prevail, the defendant must demonstrate that "the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Doherty v. City of Chi.*, 75 F.3d 318, 322 (7th Cir. 1996). Under the Federal Rules of Civil Procedure the plaintiff need only "set out in [her] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chi.,* 195 F.3d 950, 951 (7th Cir.1999); Fed. R. Civ. P. 8(a). However, a plaintiff may not avoid dismissal simply by attaching bare legal conclusions to narrated facts that fail to support her claims. *Strauss v. City of Chi.*, 760 F.2d 765, 767–68 (7th Cir. 1984); *Sutliff, Inc. v. Donavan Cos.*, 727 F.2d 648, 654 (7th Cir. 1984). The complaint must allege facts that sufficiently set forth the essential elements of a cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992); *see also Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir.1988) (holding that the federal rules require that a complaint allege facts that, if proven, would provide an adequate basis for each claim). The court may consider all allegations made in the complaint as well as any attachments accompanying the complaint. Fed. R. Civ. P. 10(c).

2

**B.  15 U.S.C. § 1681m(d)**

**(1) *The Parties' Contentions***

The Defendants argue that the Plaintiff's claim under § 1681m(d) must be dismissed outright, as Congress abolished her private cause of action by amending the statute on December 1, 2004, which now states that "[t]his section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section." 15 U.S.C. § 1681m(h)(8). The Plaintiff disagrees with the Defendants. She argues that the phrase "this section" really means "this subsection" and does not apply to the entire § 1681m but only to § 1681m(h). She also maintains that, regardless of the prospective effect of the amendment, her cause of action against the Defendants is undisturbed because she is suing them for their actions committed before December 1, 2004. The Defendants respond to the latter argument by insisting that the date the lawsuit was filed, not the date of the alleged violation, determines whether the Plaintiff can maintain her case against them. And, since the lawsuit was filed after December 1, 2004, she cannot maintain her action against the Defendants.

**(2) *Private Right of Action***

The Defendants correctly point out that the December 1, 2004, amendment to § 1681m has eliminated a private cause of action for claims under this statute. The Plaintiff's argument to the contrary is without merit and has recently been rejected by the Seventh Circuit: "[t]he unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m." *Perry v. First Nat'l Bank*, 459 F.3d 816, 823 (7th Cir. 2006). However, the Defendants are wrong in contending that the 2004 amendment also eliminated the Plaintiffs private

3

cause of action against the Defendants for their pre-amendment conduct. The Defendants insist that the Court should apply the law as it stood at the time the Complaint was filed, not the time the alleged violations occurred, and, thus, dismiss the case.

This proposition is inconsistent with the Seventh Circuit's jurisprudence. Just as in this case, in *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 951 (7th Cir. 2006), the plaintiff received a credit solicitation before § 1681m was amended but filed her case after the amendment was already in effect. Judge Easterbrook did not see this procedural posture as an obstacle to the plaintiff's claim: "[a] recent amendment to [§ 1681m] abolishes private remedies for violations of the clear-disclosure requirement, which in the future will be enforced administratively, but that change does not apply to offers made before its effective date and thus does not affect this litigation." The district courts in this circuit and elsewhere have followed the Seventh Circuit's lead, *see, e.g., Murray v. Sunrise Chevrolet, Inc.*, ___F. Supp. 2d ___, 2006 WL 2165747 (N.D. Ill. 2006); *Phillips v. New Century Fin. Corp.*, 2006 WL 517653 (C.D. Cal. March 1, 2006), which this Court will join as well. Accordingly, the Plaintiff may proceed with her claim that the Defendants violated § 1681m by not stating clearly and conspicuously in the solicitation letters the statutorily required information.

## CONCLUSION

For these reasons, the Court denies the Defendants Motion to dismiss the Plaintiff's Amended Complaint [DE 17].

SO ORDERED on September 29, 2006.

   S/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT